IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER PHARMA AG and JANSSEN PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TARO PHARMACEUTICAL INDUSTRIES LTD. and TARO PHARMACEUTICALS U.S.A., INC.,<br><br>Defendants. | C.A. No. 17-462 (RGA) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG and JANSSEN PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LIMITED and AUROBINDO PHARMA USA, INC.,<br><br>Defendants. | C.A. No. 17-483 (RGA) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MICRO LABS LTD. and MICRO LABS USA INC.,<br><br>Defendants. | C.A. No. 17-560 (RGA) |

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | C.A. No. 17-584 (RGA) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SIGMAPHARM LABORATORIES, LLC, <br><br> Defendant. | C.A. No. 17-648 (RGA) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALEMBIC PHARMACEUTICALS LIMITED, ALEMBIC GLOBAL HOLDING SA and ALEMBIC PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 17-675 (RGA) |

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INVAGEN PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 17-812 (RGA) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 17-1047 (RGA) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRECKENRIDGE PHARMACEUTICAL, INC., <br> Defendant. | C.A. No. 17-1129 (RGA) |

3

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TORRENT PHARMACEUTICALS, LIMITED, and TORRENT PHARMA INC., <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 17-1163 (RGA) ) ) ) ) ) ) |

## SCHEDULING ORDER

This __29__ day of __Sept__ 2017, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rules 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;[1]

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 9, 2018.

3. <u>Discovery</u>.

    a. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before August 10, 2018.

---

[1] Mylan Pharmaceuticals Inc. filed a motion to consolidate C.A. Nos. 15-902-RGA and 17-584-RGA, which is currently pending. Mylan joins this proposed schedule only to the extent that motion is denied.

4

b. <u>Document Production</u>. Document production shall be substantially complete by June 8, 2018.

c. <u>Requests for Admission</u>. All Plaintiffs will coordinate with one another and jointly serve up to **20** requests for admission on each Defendant Group.[2] All Defendants will coordinate with one another and jointly serve up to **20** requests for admission on each Plaintiff Group.[3] In addition, each Defendant Group may serve on each Plaintiff Group up to **5** individualized requests for admission, and each Plaintiff Group may serve on each Defendant Group up to **5** individualized requests for admission. Any additional requests for admission may only be served with leave of Court. Any requests for admission directed to the authentication of documents are excluded from the limitations above. The parties will work to agree on authentication where possible.

d. <u>Interrogatories</u>. All Plaintiffs will coordinate with one another and jointly serve up to **20** interrogatories on each Defendant Group. All Defendants will coordinate with one another and jointly serve up to **20** interrogatories on each Plaintiff Group. In addition, each Defendant Group may serve on each Plaintiff Group up to **5** individualized interrogatories, and each Plaintiff Group may serve on each Defendant Group up to **5** individualized interrogatories. Any additional interrogatories may only be served with leave of Court.

---

[2] The Defendant Groups are: (1) Alembic Pharmaceuticals Limited, Alembic Global Holding SA, and Alembic Pharmaceuticals, Inc.; (2) Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc.; (3) Invagen Pharmaceuticals, Inc.; (4) Lupin Limited and Lupin Pharmaceuticals, Inc.; (5) Micro Labs Ltd. and Micro Labs USA Inc.; (6) Mylan Pharmaceuticals Inc.; (7) Sigmapharm Laboratories, LLC; (8) Taro Pharmaceutical Industries Ltd., Taro Pharmaceuticals U.S.A., Inc.; (9) Breckenridge Pharmaceutical Inc.; and (10) Torrent Pharmaceuticals, Limited, and Torrent Pharma, Inc.

[3] The "Plaintiff Groups" are: (1) Bayer Intellectual Property GmbH and Bayer AG; and (2) Janssen Pharmaceuticals, Inc.

e. <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 100 hours of taking testimony upon oral examination, excluding experts. However, plaintiffs may not take more than five depositions of any one defendant. Any deposition lasting less than 5 hours will count as 5 hours against the total time of the side taking the deposition. If a deponent testifies wholly or substantially through an interpreter, the party taking the deposition shall be permitted, on a pro rata basis, 1.5 hours of deposition time for each hour spent testifying through the interpreter. The provisions of Federal Rule of Civil Procedure 30(d)(1) shall apply.

ii. <u>Location of Depositions</u>. The parties shall meet and confer regarding the locations of depositions, taking into account convenience for the deponent.

f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Counsel will confer and attempt to reach an agreement on a proposed form of protective order specifying terms and conditions for the disclosure of confidential information and submit it to the Court within twenty-one (21) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification</u>. On or before March 23, 2018, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed

with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than April 6, 2018. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. Claim Construction Briefing. Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on April 27, 2018. Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on May 18, 2018. Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on June 1, 2018. Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on June 15, 2018. No later than June 22, 2018, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

   A. [TERM 1]

      1. Plaintiffs' Opening Position
      2. Defendants' Answering Position
      3. Plaintiffs' Reply Position
      4. Defendants' Sur-Reply Position

8

B. [TERM 2]

1. Plaintiffs' Opening Position
2. Defendants' Answering Position
3. Plaintiffs' Reply Position
4. Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. Hearing on Claim Construction. Beginning at 9:00 a.m. on July 3, 2018, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before September 28, 2018. Plaintiffs' responsive reports, including Plaintiffs' expert reports regarding objective indicia of nonobviousness, and Defendants' responsive reports are due on or before November 16, 2018. Reply expert reports limited to Defendants' responses on objective indicia of nonobviousness are due on or before December 7, 2018. No other expert reports will be permitted without either the consent of all parties or leave of the Court. The parties shall advise of the dates and times of their experts' availability for deposition by December 7, 2018. Depositions of experts shall be completed on or before January 30, 2019.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than February 7, 2019, unless otherwise ordered by the Court.

11. Case Dispositive Motions. There being no issues triable to a jury in this case at this time, a party may only file a motion for summary judgment if that party first obtains permission from the Court to do so.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference. On March 22, 2019, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three

page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. Trial. This matter is scheduled for a 3-day trial beginning at 9:30 a.m. on April 1, 2019, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*Richard G Andrews*
UNITED STATES DISTRICT JUDGE

11273316