IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 17-462-RGA |
| TARO PHARMACEUTICAL INDUSTRIES, LTD., et al., | : : : : | |
| Defendants. | : | |

**MARKMAN ORDER**

Upon consideration of the Joint Claim Construction Brief (D.I. 82), and finding oral argument to be unnecessary, this 3 day of July 2018,

IT IS ORDERED THAT:

"Rapid-release tablet" shall be construed as "a tablet which, according to the USP release method using apparatus 2 (paddle), has a Q value (30 minutes) of 75%."

Plaintiffs argue for a lexicographic definition. I think they are right.

The specification of the patent-in-suit, U.S. Patent No. 9,539,218, at 7:22-24, states, "For the purpose of the present invention as disclosed and described herein, the following terms and abbreviations are defined as follows." There follow definitions of "treatment," "direct factor Xa inhibitor," "thromboembolic disorders," "oral dosages forms," and "once daily."

In between the definitions of "oral dosage forms" and "once daily," the specification states, in part, "Tablets are preferred, in particular tablets rapidly releasing the active compound. In the context of the present invention, rapid-release tablets are in particular those which,

according to the USP release method using apparatus 2 (paddle), have a Q value (30 Minutes) of 75%." 8:20-24.

Thus, in the lexicography section of the patent, "[i]n the context of the present invention," the patentees give a very precise explanation of what they mean by a "rapid-release tablet."[1]

Defendants argue that there is no lexicography because the other defined terms use quotation marks to make clear that they are being defined, but "rapid-release tablet" does not. Defendants also argue that the "in particular" language means that the precise explanation is just an embodiment. On the first point, I do not think that the absence of quotation marks is important. The term appears in the definitional section, and it is defined. That makes it lexicographic. On the second point, the "in particular" language is not inconsistent with lexicography, and, in the context of this patent, cannot reasonably be considered to be merely an embodiment. I note the use of the language "in particular" makes sense in the context of the whole sentence, which is not the general definition of "rapid-release tablet," but the "particular" definition "[i]n the context of the present invention." As for embodiments, the specification includes at least five "preferred embodiments," called out at 3:17, 4:11, 4:19, 6:61, and 8:42. And the specification includes other preferences, which are called out by the word "preferred" or "preferentially." No variation of "preferred" is used in the "rapid-release tablet" paragraph at issue.

---

[1] In light of my conclusion that there is lexicography, I do not need to consider Plaintiffs' argument that there is a second identical definition due to the incorporation by reference of another patent. (D.I. 82, pp. 5-6). Defendants do not respond to this argument about a second identical definition.

Plaintiffs note that the only time "rapid-release tablet" occurs in the specification is the one time in the definitional section. (D.I. 82, p.8, quoting Defendants). The term's only other appearance is in the claims.

Defendants argue that the patentees "implicitly defined" "rapid-release tablet" in the discussion of the defined term "oral dosage forms." The argument goes that the implicit definition (which occurs in a passage that does not contain "rapid-release tablet") occurs when the patentee describes "oral dosage forms" to include "tablets releasing the active compound rapidly or in a modified manner." I do not find that there is any implicit definition of "rapid-release table" in a paragraph that is defining a different term.

I do not ascribe any weight to Bayer's statement in the European Opposition Proceedings. The statement appears to have been what Bayer says it is, a position taken to streamline the European litigation. If it came from a domestic proceeding, I would accord it no weight. There is even less reason to accord it weight when done in foreign proceedings, where the governing procedures and rules are unknown to me, and are unexplained by the litigants to this claim construction dispute.

It is for the above reasons that I adopt Plaintiffs' lexicographic proposal.

/s/ Richard G. Andrews
United States District Judge