IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG and JANSSEN PHARMACEUTICALS, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 17-462 (TBD) ) CONSOLIDATED |
| TARO PHARMACEUTICAL INDUSTRIES LTD., TARO PHARMACEUTICALS U.S.A., INC., et al., | ) ) ) ) |
| Defendants. | ) |

## JOINT PRETRIAL ORDER

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| Jack B. Blumenfeld (#1014) | David E. Moore (#3983) |
| Rodger D. Smith II (#3778) | Bindu A. Palapura (#5370) |
| Derek J. Fahnestock (#4705) | Stephanie E. O'Byrne (#4446) |
| 1201 North Market Street | Hercules Plaza, 6th Floor |
| P.O. Box 1347 | 1313 N. Market Street |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | Tel: (302) 984-6000 |
| jblumenfeld@mnat.com | dmoore@potteranderson.com |
| rsmith@mnat.com | bpalapura@potteranderson.com |
| dfahnestock@mnat.com | sobyrne@potteranderson.com |
| *Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer AG, and Janssen Pharmaceuticals, Inc.* | *Attorneys for Defendant Mylan Pharmaceuticals Inc.* |

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| Bruce R. Genderson<br>Adam L. Perlman<br>Dov P. Grossman<br>Alexander S. Zolan<br>Martha C. Kidd<br>Kathryn S. Kayali<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington, DC 20005<br>(202) 434-5000 | Douglas H. Carsten<br>Elham Firouzi Steiner<br>Jacqueline P. Altman<br>Wilson Sonsini Goodrich & Rosati P.C.<br>12235 El Camino Real, Suite 200<br>San Diego, CA 92130<br><br>Kristina M. Hanson, Esquire<br>WILSON SONSINI GOODRICH & ROSATI P.C.<br>One Market, Spear Tower, Suite 3300<br>San Francisco, CA 94105 |

*Attorneys for Plaintiffs Bayer Intellectual Property GmbH and Bayer AG*

David T. Pritikin
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Bindu Donovan
S. Isaac Olson
Todd L. Krause
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*

March 22, 2019

On March 20, 2019, counsel for Plaintiffs Bayer Intellectual Property GmbH ("BIP") and Bayer AG (together with BIP, "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (together with Bayer, "Plaintiffs") and Defendant Mylan Pharmaceuticals Inc. ("Mylan") participated in a pretrial conference before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3, and this Court's February 25, 2019 Order. Pursuant to Local Rule 16.3(c), the parties hereby submit for the Court's consideration this Joint Proposed Pretrial Order to govern trial of the action, which is scheduled to commence April 23, 2019.

**Plaintiffs' Counsel:** Bayer and Janssen are represented by Jack B. Blumenfeld, Rodger D. Smith, and Derek J. Fahnestock of Morris, Nichols, Arsht & Tunnell LLP. Bayer is also represented by Bruce R. Genderson, Adam L. Perlman, Dov P. Grossman, Alexander S. Zolan, and Kathryn S. Kayali of Williams & Connolly LLP. Janssen is also represented by S. Isaac Olson of Sidley Austin LLP.

**Mylan's Counsel:** Mylan is represented by David Ellis Moore, Bindu Palapura, and Stephanie E. O'Byrne of Potter Anderson Corroon LLP. Mylan is also represented by Douglas H. Carsten, Elham F. Steiner, Robert Delafield, and Jacqueline P. Altman of Wilson, Sonsini, Goodrich & Rosati.

I.   **Nature of the Action, the Pleadings, and Claim Construction**

1. This is a consolidated action for patent infringement under the Hatch-Waxman Act. Plaintiffs assert all four claims of U.S. Patent No. 9,539,218 ("the '218 patent").

2. By letter dated April 6, 2017, Mylan notified BIP and Janssen that it had submitted Abbreviated New Drug Application ("ANDA") No. 208561 to the FDA, seeking approval to engage in the commercial manufacture, use, or sale of its proposed rivaroxaban tablets prior to the expiration of the '218 patent. Mylan's letter also notified BIP and Janssen that its ANDA contained a certification pursuant to Section 505(j)(2)(A)(vii)(IV) of the Federal

Food, Drug and Cosmetic Act ("Paragraph IV Certification") that the claims of the '218 patent are invalid/unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Mylan's proposed rivaroxaban tablets.

3. On May 19, 2017, Plaintiffs filed a complaint in Case No. 17-584-RGA alleging infringement of the '218 patent against Mylan. No. 17-584-TBD, D.I. 1. Mylan filed its Answer on June 14, 2017, asserting that the claims of the '218 patent are invalid and not infringed. No. 17-584-TBD, D.I. 7.

4. Between March and July 2017, BIP and Janssen also received notice from nine other generic drug companies seeking approval to engage in the commercial manufacture, use, or sale of their proposed rivaroxaban tablets before the expiration of the '218 patent. Plaintiffs timely filed complaints alleging infringement of the '218 patent against those other nine generic drug companies between April and August 2017. No. 17-462-TBD, D.I. 1; No. 17-483-RGA, D.I. 1; No. 17-560-TBD, D.I. 1; No. 17-648-RGA, D.I. 1; No. 17-675-RGA, D.I. 1; No. 17-812-RGA, D.I. 1; No. 17-1047-RGA, D.I. 1; No. 17-1129-TBD, D.I. 1; No. 17-1163-RGA, D.I. 1.

5. By stipulation and Court Order dated November 13, 2017, each of the cases cited in Paragraph 4 above in which Plaintiffs alleged the infringement of the '218 patent against a generic drug company were consolidated, with all future filings to be made in Case No. 17-462-TBD. No. 17-462-TBD, D.I. 30.

6. All of the generic drug companies in the consolidated action other than Mylan have entered into stay-and-be-bound agreements with Plaintiffs, and as a result are no longer actively involved in this matter. D.I. 33, 40, 43, 47, 59, 79, 119, 130, 134.

7. On April 16, 2018, the parties submitted a Joint Claim Construction Chart with respect to claim 1 of the '218 patent. D.I. 58. The parties agreed that the term "treating"

encompasses both therapeutic and prophylactic treatment. The sole disputed term was "rapid-release tablet."

8. The Court construed "rapid-release tablet," as "a tablet which, according to the USP release method using apparatus 2 (paddle), has a Q value (30 minutes) of 75%." D.I. 91 at 1.

## II. Jurisdiction

9. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

## III. Facts

### A. Uncontested Facts

10. The parties Joint Statement of Uncontested Facts is attached as Exhibit 1.

### B. Contested Facts

11. Plaintiffs' Statement of Contested Facts is attached as Exhibit 2.

12. Mylan's Statement of Contested Facts is attached as Exhibit 3.

## IV. Contested Issues of Law

13. Plaintiffs' Statement of Contested Issues of Law is attached as Exhibit 4.

14. Mylan's Statement of Contested Issues of Law is attached as Exhibit 5.

## V. Exhibits

### A. Trial Exhibits

15. The list of joint exhibits that may be offered by the parties, including the parties' respective objections thereto, is attached as Exhibit 6.

16. The list of exhibits that may be offered by Plaintiffs, including Mylan's objections thereto, is attached as Exhibit 7.

17. The list of exhibits that may be offered by Mylan, including Plaintiffs' objections thereto, is attached as Exhibit 8.

18. Joint trial exhibits will be identified with **JTX** numbers. Plaintiffs' trial exhibits will be identified with **PTX** numbers. Mylan's trial exhibits will be identified with **DTX** numbers.

19. Unless a specific authenticity objection is made, the parties stipulate to the authenticity of all exhibits listed on the parties' exhibit lists.

20. The parties agree to disclose any supplemental exhibits promptly after identification. Reasonable supplementation of exhibit lists will be permitted until Wednesday, March 27, 2019, at 5:00 p.m. and all supplemental exhibits must be received by that time, after which further supplementation of exhibits shall only be permitted with good cause shown or by agreement of the parties. Objections to the supplemental exhibits shall be due no later than Friday, March 29, 2019, at 5:00 p.m.

21. Each party reserves the right to offer exhibits set forth in another party's exhibit list, even if not set forth in its own exhibit list. All objections to such exhibits are preserved. Any exhibit, once admitted, may be used equally by any party subject to any limitations as to its admission into evidence.

22. The parties reserve their rights to raise all objections to exhibits as set forth on the trial exhibit lists.

23. The listing of a trial exhibit does not constitute an admission as to the relevance or admissibility of that trial exhibit (i.e., a waiver of any applicable objection). Each party reserves the right to object to the relevance or admissibility of any evidence offered by another party, at the time such evidence is offered, in view of the specific context in which such evidence is

offered, only if that objection could not have been timely made pursuant to the parties' agreement for preparation of the Pretrial Order because such context was not made available to the objecting party at the time. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

24. Certified copies of the '218 patent, its certified file wrapper, and any certified assignment records are deemed admitted into evidence.

25. Legible, accurate copies of United States patents and foreign patents, as well as their corresponding prosecutions, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

26. Unless the parties agree to alternate arrangements, any party that includes on its exhibit list a document in a foreign language shall transmit to the opposing party a certified translation of the document by Friday, March 29, 2019. For documents longer than 3 pages, the party proffering the exhibit need only provide translations for those portions that it intends to discuss in the courtroom. To the extent a party disputes the accuracy of any translation, the parties will engage in good faith efforts to reach an agreed-upon translation to be used at trial. Any party, including the party that submitted the translation, may raise at trial an objection to the accuracy of any portion of an agreed-upon translation. Translations need not be identified on the exhibit list to be admissible.

27. Any exhibits to be used at trial for purposes of cross-examination must be specifically identified in the exhibit list. Exhibits not set forth in the parties' exhibit lists may be offered into evidence if used for impeachment purposes during cross examination. The parties

shall meet and confer in an attempt to resolve any objections to the exhibits. If proper notice of an exhibit has been given and if good faith efforts to resolve the objections fail, the objecting party shall bring potential evidentiary disputes regarding that exhibit to the Court's attention no later than the morning of the day the exhibit will be offered, before trial begins or resumes, unless the parties agree to other arrangements or procedures.

### B. Demonstrative Exhibits

28. The demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. Plaintiffs' demonstratives will be identified with **PDX** numbers. Mylan's demonstratives will be identified with **DDX** numbers.

29. The parties shall exchange color copies of demonstrative exhibits by electronic mail and/or electronic media. Any demonstrative exhibit, except for demonstrative exhibits to be used during opening statements, shall be exchanged by 7:00 p.m. the day before the demonstrative exhibit is to be used, unless the parties agree to alternate arrangements. This exchange of demonstrative exhibits does not waive any objections to them. Objections to such demonstrative exhibits will be exchanged by 9:00 p.m. that same evening. The parties shall thereafter meet and confer within one hour (i.e., by 10:00 p.m.) the same evening to resolve the objections.

30. With respect to opening statements, the parties shall exchange any color copies of demonstratives to be used in opening statements by electronic mail and/or electronic media by 11 a.m. on Monday, April 22, 2019. At the same time the parties shall also identify by exhibit number any exhibits they intend to use in opening statements. Objections to any such exhibits and demonstrative exhibits will be exchanged by 2 p.m. that same day, and the parties will thereafter meet and confer within two hours (i.e., by 4 p.m.) to resolve any objections.

31. With respect to Plaintiffs' brief opening statement relating to Dr. Misselwitz's testimony, Plaintiffs shall provide color copies of demonstratives to be used by electronic mail and/or electronic media by 6 p.m. on Wednesday, April 3, 2019. At the same time Plaintiffs shall also identify by exhibit number any exhibits they intend to use in their limited opening statement. Objections to any such exhibits and demonstrative exhibits will be exchanged by 10 a.m. on April 4, 2019, and the parties will thereafter meet and confer that day to resolve any objections.

32. Each demonstrative exhibit shall disclose to the other parties on the face of the demonstrative exhibit all trial exhibits, if any, that form the basis of the demonstrative exhibit.

33. The notice provisions regarding demonstrative exhibits shall not apply to demonstrative exhibits created in the courtroom during testimony at trial, demonstrative exhibits to be used for cross-examination, or to the enlargement, highlighting, ballooning, arrowing, excerption, etc. of trial exhibits or testimony.

**VI. Witnesses**

    **A. Live Testimony**

34. Plaintiffs' List of Potential Trial Witnesses they presently intend to call at trial is attached as Exhibit 9. The witnesses are listed in alphabetical order.

35. Mylan's List of Potential Trial Witnesses it presently intends to call at trial is attached as Exhibit 10. The witnesses are listed in alphabetical order.

36. Any witness not listed in the exhibits referenced above will be precluded from testifying absent good cause shown. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition.

37. The parties agree that expert witnesses need not be sequestered during trial.

38. Unless agreed to otherwise by the parties before or during trial, each party will

7

provide to the others' counsel of record by email a list of the names and order of witnesses who will testify live, and the identification by exhibit number of any trial exhibits the party will use on direct examination of any live witness, by 7:00 p.m. two calendar days before the day the witness will testify. The other party shall identify any objections to such witness(es) and exhibits by 7:00 p.m. the following day (i.e., the calendar day before the witness will testify). The parties shall thereafter meet and confer within two hours (i.e., by 9:00 p.m.) to resolve any objections that same evening. Each party shall update its list of expected witnesses at 7:00 p.m. each trial day.

39. Unless otherwise specifically agreed in advance in writing, no exhibit will be admitted unless used with a witness who must at least be shown the exhibit.

**B. Testimony by Deposition**

40. Plaintiffs' Deposition Designations (including counter-designations), and Mylan's Objections to Plaintiffs' Deposition Designations are attached as Exhibit 11.

41. Mylan's Deposition Designations (including counter-designations), and Plaintiffs' Objections to Mylan's Deposition Designations are attached as Exhibit 12.

42. For the depositions that have been videotaped, a party may introduce deposition excerpts into evidence by videotape or by reading the transcript in the courtroom. Any counter designations of the same witness's testimony must be submitted in the same format. If a party opts to introduce designations by videotape, the party desiring to introduce the deposition by videotape will be responsible for the creation of the spliced clips, including counter-designations of the countering party. When deposition designations are introduced, all admissible counter designations, whether by transcript or videotape, will be introduced simultaneously in the sequence in which the testimony was originally given. No objections or attorney colloquy will

8

be included in the spliced clips. All deposition designations to be introduced into evidence must be read or played in open court, and each party will be charged the time taken to read or play its designations, as measured by the proportion of the number of lines of testimony for its designations to the total number of lines of testimony read or played.

43. Unless agreed to otherwise by the parties before or during trial, each party will provide to the others' counsel of record by email a list of the names of any witnesses who will testify by deposition and the deposition designations to be played, along with a list of any exhibits the party will use with the designated testimony, by 7:00 p.m. three calendar days before their testimony is to be presented. During the March 20, 2019 pretrial conference, the parties agreed to withdraw all objections to deposition designations. Accordingly, the other party shall identify any objections to the exhibits the party will use with the designated testimony, along with counter designations and a list of any exhibits that will be introduced into evidence through those counter designations, by 7:00 p.m. two calendar days before the testimony is to be presented. The parties shall thereafter meet and confer within two hours (i.e., by 9:00 p.m.) to resolve any remaining objections to exhibits that same evening. Any unresolved objections shall be raised with the Court the day before the designations are to be played. The party calling a witness to testify by videotaped deposition shall provide, no later than 8:00 p.m. one calendar day before the testimony is to be played, a "clip report" showing videotape run-times for both the deposition designations and counter-designations.

44. The parties agree that once a party identifies deposition testimony by 7:00 p.m. three calendar days prior to the testimony being offered into the record, the identifying party has waived the right to call the witness live, unless the witness is called live by the opposing party.

45. Each party reserves the right to use testimony designated by another party,

9

whether as a designation or counter-designation, even if not separately listed on its designation list.

46. Before each witness testifies live or by deposition, counsel should provide a short description of what counsel is attempting to establish by the witness's testimony.

**VII.  Brief Statement of Intended Proofs**

47. In support of their claims and in addition to the facts not in dispute, Plaintiffs expect to offer the proofs set forth in Exhibit 13.

48. In support of their claims and in addition to the facts not in dispute, Mylan expects to offer the proofs set forth in Exhibit 14.

**VIII. Amendments to the Pleadings**

49. The parties do not offer any amendments to the pleadings at this time.

**IX.  Certification of Settlement Discussions**

50. The parties certify that they have engaged in a good faith effort to explore the resolution of this controversy by settlement. A settlement has not yet been reached.

**X.   Other Matters**

    **A.    Claim Construction**

51. As discussed at the pretrial conference, not later than 5:00 p.m. on March 27, 2019, the parties shall each file a brief no more than ten pages in length addressing the meaning of "rapid-release tablet," and in particular, whether the Court's construction of "rapid-release tablet" as "a tablet which, according to the USP release method using apparatus 2 (paddle), has a Q value (30 minutes) of 75%" covers tablets that release more than 75% of the active ingredient within 30 minutes. In support of this briefing, in lieu of live testimony, the parties agree to rely on the expert reports and deposition testimony of their experts Allan S. Myerson and Alan F. Parr and any relevant documents.

10

52. After reviewing the parties' submissions, the Court will inform the parties whether it wishes the parties' experts to be present at trial on April 23, 2019 for live testimony regarding claim construction.

### B. Doctrine of Equivalents

53. If the Court determines that evidence and briefing are necessary regarding the doctrine of equivalents with respect to the rapid-release tablet limitation, the Court will set a schedule for such evidence and briefing on April 5, 2019.

### C. Definition of POSA

54. The parties stipulate that the definition of the person of ordinary skill in the art ("POSA") shall be the following:

> The POSA would reflect the background and experience of (a) an individual or a team of individuals having (i) a Ph.D. in pharmaceutical sciences (or less education but considerable professional experience in such areas), and/or (ii) a clinician with experience researching, treating, or preventing blood coagulation or thromboembolic disorders, in each case with experience interpreting clinical trial data and knowledge concerning the pharmacology (including pharmacokinetics and pharmacodynamics) of anticoagulants, working together with (b) individuals having experience in pharmaceutical formulations.

### D. Expected Duration of Trial

55. This case is scheduled for a 3 day bench trial beginning at 9:00 a.m. on April 23, 2019. Normally, trial will begin promptly at 9:00 a.m. and end at approximately 5:00 p.m. each day, with a one-hour lunch break and two 15-minute breaks. Those time periods will be strictly adhered to. In addition, the parties have agreed to take one witness out of order on April 5, 2019. Pursuant to the Court's Order, Plaintiffs' first witness, Dr. Frank Misselwitz, will testify on April 5, 2019, at 10:00 a.m. in Courtroom 203 at the United States Court of Appeals for the Federal Circuit in Washington, D.C. Dr. Misselwitz's testimony will be preceded by a brief opening

11

statement by Plaintiffs regarding Dr. Misselwitz's testimony. The trial shall be open to the public.

56. The time allotted for trial shall be 20 hours equally divided between Plaintiffs (10 hours) and Mylan (10 hours). The trial time shall include the proceedings conducted on April 5, 2019. Time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls (including by designations read or played in open court), cross-examination of witnesses called by any other party (including by counter-designations read or played in open court), all sides' argument on objections a party raises to another party's exhibits and demonstrative exhibits.

### E. Order of Proof

57. The parties agree that the order of presentation will be as follows (with exceptions as necessary to accommodate witness scheduling):

    a. On April 5, 2019, Plaintiffs will present a brief opening statement related to the testimony of their first witness, Dr. Misselwitz, followed by the invention story/background of the invention through the testimony of Dr. Misselwitz, who may also provide testimony responsive to Mylan's invalidity allegations.

    b. Beginning on April 23, 2019, the trial may proceed in two phases. Phase I of the trial would address, to the extent the Court deems necessary, additional argument or evidence on any remaining issues concerning claim construction or infringement. Phase II will address the issue of invalidity. There will be separate opening statements for Phase I and Phase II.

    c. **Phase I (if needed):** Plaintiffs will present their opening statement first; Mylan will present its opening statement second. Plaintiffs will present

        additional argument or evidence on any remaining issues concerning claim construction or infringement first; Mylan will present additional argument or evidence on any remaining issues concerning claim construction or infringement second.

    d.    **Phase II:** Mylan will present its opening statement first; Plaintiffs will present their opening statement second. Mylan will present its case regarding its invalidity allegations for the claims of the '218 patent first. Plaintiffs will then present their case responding to Mylan's invalidity allegations, including secondary considerations of nonobviousness. Mylan will then present rebuttal evidence regarding secondary considerations of nonobviousness.

58.    There will be no closing arguments during trial. Oral argument will be held at 10:00 a.m. on June 25, 2019, at the U.S. Court of Appeals for the Federal Circuit, Washington, DC.

59.    The parties shall submit posttrial proposed findings of fact and conclusions of law, as well as responses thereto, in accordance with the following schedule:

    a.    **Invalidity:** Mylan shall file its opening proposed findings of fact and conclusions of law on the issue of invalidity by 5 p.m. on May 16, 2019, not to exceed 50 pages. Plaintiffs shall file their responsive proposed findings of fact and conclusions of law by 5 p.m. on June 7, 2019, not to exceed 50 pages. Mylan shall file its reply proposed findings of fact and conclusions of law by 5 p.m. on June 21, 2019, not to exceed 20 pages.

**F.    Type of Trial**

60.    This is a non-jury trial.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Derek J. Fahnestock* | */s/ David E. Moore* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>dfahnestock@mnat.com | David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com |
| *Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer AG, and Janssen Pharmaceuticals, Inc.* | *Attorneys for Defendant Mylan Pharmaceuticals Inc.* |

OF COUNSEL (Plaintiffs):

Bruce R. Genderson
Adam L. Perlman
Dov P. Grossman
Alexander S. Zolan
Kathryn S. Kayali
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000

*Attorneys for Bayer Intellectual Property GmbH and Bayer AG*

S. Isaac Olson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*

March 22, 2019

OF COUNSEL (Defendant):

Douglas H. Carsten
Elham F. Steiner
Jacqueline P. Altman
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
San Diego, CA 92130

Robert Delafield
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Hwy
Las Cimas IV, 5th Floor
Austin, Texas 78746
Telephone: (512) 338-5400

IT IS HEREBY ORDERED that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: March 22, 2019

_____
UNITED STATES CIRCUIT JUDGE