IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TARO PHARMACEUTICAL INDUSTRIES LTD., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 17-462 (TBD)
CONSOLIDATED

## CONSENT JUDGMENT AND ORDER

WHEREAS Civil Action No. 17-462 (TBD) has been brought by Plaintiffs Bayer Intellectual Property GmbH, Bayer AG, and Janssen Pharmaceuticals, Inc. (collectively, "Plaintiffs") against Defendant Breckenridge Pharmaceutical, Inc. ("Breckenridge") alleging infringement of United States Patent No. 9,539,218 ("the '218 patent");

WHEREAS Janssen currently markets in the United States pursuant to New Drug Application No. 22406 10 mg, 15 mg, and 20 mg tablets containing rivaroxaban under the trade name XARELTO® (the "Xarelto Products");

WHEREAS Breckenridge filed or caused to be filed Abbreviated New Drug Application ("ANDA") No. 208220 (the "Breckenridge ANDA") containing a "paragraph IV certification" with respect to the '218 patent and seeking FDA approval to make, sell, offer for sale, use and/or import in or for the United States products asserted to be bioequivalent to the Xarelto® Products, as described in the Breckenridge's ANDA (the "Breckenridge ANDA Products")

WHEREAS Breckenridge admits that the asserted claims of the '218 patent are valid and enforceable;

WHEREAS Breckenridge admits that the submission of the Breckenridge ANDA to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of the Breckenridge ANDA Products within the United States prior to the expiration of the '218 patent was a technical act of patent infringement with respect to the asserted claims of the '218 patent;

WHEREAS Plaintiffs and Breckenridge have resolved this litigation for good cause and valuable consideration recognized by Plaintiffs and Breckenridge;

WHEREAS Plaintiffs and Breckenridge respectfully request that the Court terminate the pending litigation as between Plaintiffs and Breckenridge by the entry of this Judgment and Order; and

WHEREAS Plaintiffs and Breckenridge now consent to this Judgment and Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over Plaintiffs and Breckenridge and the subject matter of this action.

2. The submission of the Breckenridge ANDA to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Breckenridge ANDA Products within the United States prior to the expiration of the '218 patent was a technical act of patent infringement with respect to the claims of the '218 patent under 35 U.S.C. §271(e)(2)(A).

3. The asserted claims of the '218 patent are valid and enforceable.

4. Breckenridge's manufacture, use, sale, offer for sale, and/or importation of the Breckenridge ANDA Products in the United States would constitute infringement of the asserted claims of the '218 patent absent authorization by Plaintiffs.

5. Breckenridge and its affiliates are hereby enjoined from manufacturing, using, offering for sale, selling in the United States, or importing into the United States, the Breckenridge ANDA Products during the term of the '218 patent, including any patent term extensions and/or patent term adjustments and during the period of any associated pediatric exclusivity, other than as authorized by Plaintiffs.

6. Neither this Judgment and Order nor the entry of this Judgment and Order may be asserted by Plaintiffs against Breckenridge or any of its affiliates, and shall have no preclusive effect whatsoever, in any cause of action, litigation or proceeding with respect to any product other than the Breckenridge ANDA Products in the United States or with respect to any patent other than the '218 patent.

7. All affirmative defenses, claims and counterclaims, which have been or could have been raised by Plaintiffs against Breckenridge and its affiliates, or by Breckenridge and its affiliates against Plaintiffs, in this action solely with respect to the Breckenridge ANDA Products and the '218 patent are hereby dismissed with prejudice.

8. Plaintiffs and Breckenridge shall bear their own fees and costs in connection with this action, including attorneys' fees.

9. Plaintiffs and Breckenridge waive all right to appeal or otherwise move for relief from this Judgment and Order.

10. This Court shall retain jurisdiction of this action and over Plaintiffs and Breckenridge for purposes of enforcement of the provisions of this Judgment and Order.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | PHILLIPS GOLDMAN MCLAUGHLIN & HALL, P.A. |
| /s/ *Derek J. Fahnestock* | /s/ *Megan C. Haney* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>dfahnestock@mnat.com | John C. Phillips, Jr. (#110)<br>Megan C. Haney (#5016)<br>1200 North Broom Street<br>Wilmington, DE 19806<br>(302) 655-4200<br>jcp@pgmhlaw.com<br>mch@pgmhaw.com |
| *Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer Pharma AG, and Janssen Pharmaceuticals, Inc.* | *Attorneys for Defendant Breckenridge Pharmaceutical Inc.* |

November 5, 2019

**IT IS SO ORDERED** this _____ day of _____ 2019

_____
HONORABLE TIMOTHY B. DYK
UNITED STATES CIRCUIT JUDGE

4